| | |
|---|---|
| 1 | LAWRENCE BORYS (SBN 60625) |
| 2 | MICHAEL T. OHIRA (SBN 126137)<br>ROPERS, MAJESKI, KOHN & BENTLEY |
| 3 | 445 South Figueroa Street, Suite 3000<br>Los Angeles, CA  90071-1619 |
| 4 | Telephone:  (213) 312-2000<br>Facsimile:   (213) 312-2001 |
| 5 | Email:       lawrence.borys@rmkb.com<br>                  michael.ohira@rmkb.com |
| 6 | Attorneys for Defendants |
| 7 | MARILYN THOMASSEN, MARILYN THOMASSEN & ASSOCIATES, P.C., M. |
| 8 | THOMASSEN & ASSOCIATES P.C. and AMERICAN IMMIGRATION LAW |
|   | CENTER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| THOMAS A. SEAMAN, Receiver,<br><br>                    Plaintiff,<br><br>v.<br><br>MARILYN THOMASSEN, an individual; MARILYN THOMASSEN & ASSOCIATES, P.C., a California professional corporation; M. THOMASSEN & ASSOCIATES, P.C., a California professional corporation; and AMERICAN IMMIGRATION LAW CENTER, a California professional corporation,<br><br>                    Defendants. | CASE NO. 8:18-CV-00349-CJC-DFM<br><br>**ANSWER BY DEFENDANTS MARILYN THOMASSEN; MARILYN THOMASSEN & ASSOCIATES, P.C.; M. THOMASSEN & ASSOCIATES P.C.;  AND AMERICAN IMMIGRATION LAW CENTER, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Served: April 17, 2018<br>Trial Date: TBD |

4852-8441-9692.1

- 1 -

**ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW, Defendants MARILYN THOMASSEN, MARILYN THOMASSEN & ASSOCIATES, P.C., M. THOMASSEN & ASSOCIATES P.C. and AMERICAN IMMIGRATION LAW CENTER (collectively "Defendants") and Answers, jointly and severally, the First Amended Complaint of Plaintiff THOMAS A. SEAMAN, Receiver, as follows:

1. In Answer to Paragraph 1 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In Answer to Paragraph 2 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. In Answer to Paragraph 3 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In Answer to Paragraph 4 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In Answer to Paragraph 5 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In Answer to Paragraph 6 of the First Amended Complaint, Defendants admit that Defendant Marilyn Thomassen is an individual licensed to

practice law in California. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

7. In Answer to Paragraph 7 of the First Amended Complaint, Defendants admit such allegation.

8. In Answer to Paragraph 8 of the First Amended Complaint, Defendants admit such allegation.

9. In Answer to Paragraph 9 of the First Amended Complaint, Defendants admit such allegation.

10. In Answer to Paragraph 10 of the First Amended Complaint, Defendants admit that Defendant Marilyn Thomassen is a principal of Marilyn Thomassen & Associates, PC, M. Thomassen & Associates PC, and American Immigration Law Center. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

11. In Answer to Paragraph 11 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. In Answer to Paragraph 12 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In Answer to Paragraph 13 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In Answer to Paragraph 14 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies

each and every allegation contained therein.

15. In Answer to Paragraph 15 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. In Answer to Paragraph 16 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. In Answer to Paragraph 17 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. In Answer to Paragraph 18 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. In Answer to Paragraph 19 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In Answer to Paragraph 20 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In Answer to Paragraph 21 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies

each and every allegation contained therein.

22. In Answer to Paragraph 22 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In Answer to Paragraph 23 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In Answer to Paragraph 24 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. In Answer to Paragraph 25 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

26. In Answer to Paragraph 26 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. In Answer to Paragraph 27 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. In Answer to Paragraph 28 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. In Answer to Paragraph 29 of the First Amended Complaint,

1 Defendants deny each and every allegation contained therein.

2       30. In Answer to Paragraph 30 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

      31. In Answer to Paragraph 31 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

      32. In Answer to Paragraph 32, Defendants incorporate their responses to paragraphs 1 through 31, inclusive, set forth above.

      33. In Answer to Paragraph 33 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

      34. In Answer to Paragraph 34 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

      35. In Answer to Paragraph 35 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

      36. In Answer to Paragraph 36 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

      37. In Answer to Paragraph 37, Defendants incorporate their responses to paragraphs 1 through 36, inclusive, set forth above.

38. In Answer to Paragraph 38 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39. In Answer to Paragraph 39 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40. In Answer to Paragraph 40 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41. In Answer to Paragraph 41 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

42. In Answer to Paragraph 42 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

43. In Answer to Paragraph 43 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

44. In Answer to Paragraph 44, Defendants incorporate their responses to paragraphs 1 through 43, inclusive, set forth above.

45. In Answer to Paragraph 45 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46. In Answer to Paragraph 46 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

47. In Answer to Paragraph 47 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

48. In Answer to Paragraph 48 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49. In Answer to Paragraph 49 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

50. In Answer to Paragraph 50 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51. In Answer to Paragraph 51 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

52. In Answer to Paragraph 52 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

53. In Answer to Paragraph 53 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Comparative Fault)

1. That any injury, damage or loss, if any, sustained by the real parties in interest herein, was proximately caused and contributed to by the real parties in interest and fault on their part in that they did not exercise ordinary care on their own behalf at the times and places as set forth in the First Amended Complaint on file herein.

## SECOND AFFIRMATIVE DEFENSE
## (Waiver)

2. That the real parties in interest herein, during the course of the activities described in the First Amended Complaint, and by acts, errors and omissions on their own part, waived any right to claim damage or injury allegedly suffered by reason of any acts and/or omissions of Defendants.

## THIRD AFFIRMATIVE DEFENSE
## (Estoppel)

3. That by reason of certain acts, errors and omissions committed or omitted by real parties in interest herein, Plaintiff is estopped from claiming any damage or injury by reason of any acts of Defendants.

## FOURTH AFFIRMATIVE DEFENSE
## (Statute of Limitations – First Claim for Breach of Escrow Agreements)

4. That the First Claim for Relief for Breach of Escrow Agreements is barred by virtue of the statute of limitations found in California Code of Civil Procedure § 337, 338, 339, 340.6, and/or 343.

## FIFTH AFFIRMATIVE DEFENSE
## (Statute of Limitations – Second Claim for Breach of Fiduciary Duty)

5. That the Second Claim for Breach of Fiduciary Duty is barred by virtue of the statute of limitations found in California Code of Civil Procedure § 337, 338, 339, 340.6, and/or 343.

## SIXTH AFFIRMATIVE DEFENSE
## (Statute of Limitations - Third Claim for Aiding and Abetting Securities Fraud)

6. That the Third Claim for Aiding and Abetting Securities Fraud is barred by virtue of the statute of limitations found in California Code of Civil Procedure § 337, 338, 339, 340.6, and/or 343; and/or Securities Exchange Act of 1934, § 10(b), 15 U.S.C.A. § 78j(b); 28 U.S.C.A. § 1658(b).

## SEVENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate Damages)

7. That the real parties in interest failed to reasonably mitigate damages and, as a result, any injuries or damages contended to have been suffered by the real parties in interest should be reduced accordingly.

## EIGTHTH AFFIRMATIVE DEFENSE
## (Superseding and Intervening Acts)

8. Defendants are informed and believe and thereupon allege that the damages sought by Plaintiff, as receiver for the real parties in interest were proximately caused or contributed to by acts of other parties, persons or entities, and that these acts were an intervening and superseding cause thus barring Plaintiff and the real parties in interest from recovery against Defendants for same.

## SEVENTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

9. That at all times relevant hereto, the claims of Plaintiff, as receiver for the real parties in interest, and each of them, are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
## (Laches)

10. Defendants allege that by reason of laches on the part of the real parties in interest, Plaintiff as receiver for the real parties in interest is prevented from asserting the causes of action alleged in the First Amended Complaint.

## NINTH SEPARATE AFFIRMATIVE DEFENSE
## (In Pari Delicto)

11. That at all times herein mentioned, Defendants are informed and believe and thereupon allege that Plaintiff Receiver and/or the real parties in interest are actively and affirmatively at fault, either fully or partially, for the matters alleged in the First Amended Complaint and were thus *in pari delicto* and

as a result thereof, neither the Receiver nor the real parties in interest may maintain the present action.

## TENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

12. That by reason of certain acts, errors and omissions committed or omitted by real parties in interest, the Plaintiff Receiver and real parties in interest are estopped from claiming any damage or injury by reason of any act of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action – First Claim)

13. That the first claim for breach of escrow agreements fails to state facts sufficient to constitute a claim against these answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action – Second Claim)

14. That the second claim for breach of fiduciary duty fails to state facts sufficient to constitute a claim against these answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action – Second Claim)

15. That the third claim for aiding and abetting securities fraud fails to state facts sufficient to constitute a claim against these answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Duty – First Claim)

16. With respect to the matters set forth in Plaintiff's First Amended Complaint, these answering Defendants did not owe the Plaintiff Receiver or the real parties in interest the duties alleged in Plaintiff's first claim for breach of escrow agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Lack of Duty – Second Claim)

17. With respect to the matters set forth in Plaintiff's First Amended Complaint, these answering Defendants did not owe the Plaintiff Receiver or the real parties in interest the duties alleged in Plaintiff's second claim for breach of fiduciary duty.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Lack of Duty – Third Claim)

18. With respect to the matters set forth in Plaintiff's First Amended Complaint, these answering Defendants did not owe the Plaintiff Receiver or the real parties in interest the duties alleged in Plaintiff's third claim for aiding and abetting securities fraud.

## SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE
## (Lack of Standing – First Claim)

19. That Plaintiff and/or real parties in interest, lack standing to pursue Defendants for the claims asserted in the first claim for breach of escrow agreements.

## EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE
## (Lack of Standing – Second Claim)

20. That Plaintiff and/or real parties in interest, lack standing to pursue Defendants for the claims asserted in the second claim for breach of fiduciary duty.

## NINTEENTH SEPARATE AFFIRMATIVE DEFENSE
## (Lack of Standing – Third Claim)

21. That Plaintiff and/or real parties in interest, lack standing to pursue Defendants for the claims asserted in the third claim for aiding and abetting securities fraud.

## TWENTIETH SEPARATE AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

22. Defendants hereby reserve the right to raise new, separate, distinct and additional affirmative defenses which may be appropriate based upon facts and information developed in this litigation and Defendants will seek to file an amendment to this answer at such appropriate time.

Wherefore, Defendants request relief as follows:

1. That Plaintiff and/or real parties in interest, take nothing by way of the First Amended Complaint;

2. For judgment in favor of Defendants, and that Plaintiff's action be dismissed in its entirety with prejudice as against Defendants;

3. For costs of suit;

4. For attorney's fees; and

5. For such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Defendants, and each of them, respectfully make a demand for a trial by jury in this action.

Dated: July 3, 2018        ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Michael T. Ohira*
    LAWRENCE BORYS
    MICHAEL T. OHIRA
    Attorneys for Defendants MARILYN THOMASSEN; MARILYN THOMASSEN & ASSOCIATES, P.C.; M. THOMASSEN & ASSOCIATES P.C.; AND AMERICAN IMMIGRATION LAW CENTER

# PROOF OF SERVICE

I, Kimberly Cederquist, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 445 South Figueroa Street, Suite 3000, Los Angeles, CA 90071.

On July 3, 2018, I electronically filed via my electronic service address (Kimberly.cederquist@rmkb.com) the attached document:

**ANSWER BY DEFENDANTS MARILYN THOMASSEN; MARILYN THOMASSEN & ASSOCIATES, P.C.; M. THOMASSEN & ASSOCIATES P.C.; AND AMERICAN IMMIGRATION LAW CENTER, TO PLAINTIFF'S FIRST AMENDED COMPLAINT / DEMAND FOR JURY TRIAL**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| David R. Zaro (Bar No. 124334)<br>Michael R. Farrell (Bar No. 173831)<br>Peter A. Griffin (Bar No. 306201)<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP<br>865 South Figueroa Street, Suite 2800<br>Los Angeles, California 90017-2543<br>T: (213) 622-5555<br>F: (213) 620-8816<br>E-Mail:   dzaro@allenmatkins.com<br>              mfarrell@allenmatkins.com<br>              pgriffin@allenmatkins.com | Attorneys for Plaintiff<br>THOMAS A. SEAMAN, Receiver |

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: *N/A*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2018, at Los Angeles, California.

*/s/ Kimberly Cederquist*
Kimberly Cederquist